IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIK S. BOWKER, <br> INMATE NO. 53837060, <br> Plaintiff, <br> <br> v. <br> <br> REGIONAL DIRECTOR HOLT; WARDEN DREW; STAFF ATTORNEY JEFF CAMPBELL; ASSISTANT WARDEN SZAFIR; ASSISTANT WARDEN BECHTOLD; UNIT MANAGER GRAFTON; CASE MANAGER COX; CORRECTIONS COUNSELOR SEDANO; CORRECTIONS COUNSELOR GONZALES; CHIEF PSYCHOLOGIST GEORGIA WHIPLOCK; DOCTOR SIERRA; DOCTOR BATES; ALL MEMBERS OF THE SPECIAL INVESTIGATIVE SUPERVISORS OFFICE; PSYCHOLOGY DIRECTOR SHELLEY STAUNTON; MR. GAGE; MICHAEL GUNZENHAUSER; and S.I.S. OFFICER V. SOTO, <br> Defendants. | PRISONER CIVIL RIGHTS <br> 28 U.S.C. § 1331 <br> <br> CIVIL ACTION NO. <br> 1:08-CV-3786-TCB |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under Bivens or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the

2

Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

Plaintiff, currently confined at the United States Penitentiary in Coleman, Florida ("USP-Coleman"), alleges that officials at USP-Coleman have violated his federal civil rights by stealing his legal materials, documents, law books, legal mail, compelling assaults against him, interfering with his access to legal materials, denying him access to the courts, and denying him legal, political and

3

news information. (Doc. 1 at 2). Plaintiff seeks damages and injunctive relief. (Id.).

USP-Coleman is located in the United States District Court for the Middle District of Florida, Ocala Division. Title 28 U.S.C. § 1391(b) states that a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred."

Plaintiff is apparently aware of the rules regarding venue, and in an explicitly stated attempt to avoid filing this action in the Middle District of Florida, he has named Regional Director Holt as a Defendant. (Doc. 1 at 3). Plaintiff states that Holt is a resident of Atlanta, Georgia, and he is also the Regional Director of USP-Coleman.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. Plaintiff has not alleged facts indicating that Holt

4

directly acted or failed to act in such a way as to violate Plaintiff's rights under federal law. Plaintiff has also failed to allege facts indicating that Holt's actions are casually connected to Plaintiff's alleged injuries. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prison's refusal to entertain his grievance" did not state civil rights violation); Dunn v. Martin, 178 Fed. Appx. 876, 878 (11th Cir. Apr. 21, 2006) (citing Flick v. Alba in support of decision finding no constitutional violation as a result of prison officials failing to respond to a grievance) (unpublished opinion). Accordingly, this action may not be maintained against Holt.

All of the alleged violations of Plaintiff's federal rights occurred in the Middle District of Florida. The remaining Defendants are either employed at USP-Coleman or the United States District Court for the Middle District of Georgia, and they presumably reside within that district. Therefore, venue is proper in the Middle District of Florida.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." Plaintiff states that he does not wish to have this

5

action transferred to the Middle District of Florida. (Doc. 1 at 3). In deference to Plaintiff's wishes, this Court will dismiss this action for improper venue.

III. Conclusion

**IT IS ORDERED** that Defendant Holt is **DISMISSED** as party to this action. The instant pro se civil rights complaint [Doc. 1] is **DISMISSED** for improper venue. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 5th day of January, 2009.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

6